**\*E-Filed 12/18/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TECHNOLOGY LICENSING
CORPORATION, et al.,

        Plaintiffs,

  v.

INTERSIL CORPORATION, et al.,

        Defendants.
_____/

No. C 09-04097 RS

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

This action began in Santa Clara Superior Court in 2006. Although the parties' disputes arise from a patent license agreement, the complaint asserted only breach of contract and related claims arising under state law.[1] In August of 2009, plaintiffs filed a Supplemental Complaint, alleging additional wrongful acts that purportedly took place after the litigation began. Specifically, plaintiffs allege that defendants have engaged in unfair competition under state law by "marking

---

[1] The parties' respective patent law claims arising from essentially the same operative events are the subject of *Intersil Corporation, et al. v. Technology Licensing Corporation, et al.*, C 09-02386 RS, to which this action has been related, under Civil Local Rule 3-12.

data sheets with the numbers of surrendered patents instead of the reissue patents that replaced them." Contending that plaintiffs had thereby implicitly invoked the section of the Patent Act entitled "False Marking," 35 U.S.C.¶ 292(a), defendants promptly removed the action to this Court.

Plaintiffs now move to remand, expressly disavowing any intent to rely on the Patent Act to support their state law unfair competition claim. Because plaintiffs are the masters of their claims and are entitled to forego any reliance on the Patent Act to support their state law unfair competition claim, the motion for remand will be granted.

## II.  BACKGROUND

The operative Second Amended Complaint alleges that in 1999 plaintiffs J. Carl Cooper, Pixel Instruments Corporation, and Technology Licensing Corporation resolved then-pending litigation between them and defendant Elantec Semiconductor, Inc. by entering into a licensing agreement whereby Elantec and its customers and distributors were authorized to practice the inventions covered by U.S. Patent Nos. 5,754,250 and 5,486,869.  Second Amended Complaint, ¶¶ 9-10.  Plaintiffs allege that Elantec was subsequently acquired by, and became a wholly-owned subsidiary of, defendant Intersil Corporation. Second Amended Complaint, ¶12.  Plaintiffs contend that Elantec/Intersil thereafter breached the licensing agreement, ultimately leading plaintiffs to terminate it.  Second Amended Complaint, ¶¶ 16-20.

Despite the purported termination of the licensing agreement, Elantec/Intersil marketed and sold its products with datasheets stating "Manufactured under license, U.S. Patent Nos. 5,754,250 and 5,486,869."  Second Amended Complaint, ¶ 21.  Based on the allegation that it was improper for Elantec/Intersil to "mark their products with TLC's patent numbers," the Second Amended Complaint included claims for unfair competition under California Business and Professions Code §17200 and common law.  Second Amended Complaint, ¶¶ 36-45.  Elantec/Intersil's answer to the Second Amended Complaint included a purported affirmative defense that plaintiffs were seeking, "or may seek" damages that would require interpretation of the "federal patent marking statute,"

such that exclusive jurisdiction would lie in the federal courts.[2]  Answer at 2:24-27.  Elantec/Intersil, however, did not attempt to remove the action to federal court at that juncture.

Sometime after the filing of the Second Amended Complaint, plaintiffs filed a supplemental complaint alleging that in 2008 the United States Patent and Trademark Office approved reissue applications relating to both the '869 and '250 patents.  Supplemental Complaint, ¶ 2.  As a result, the original patents were automatically surrendered and replaced by re-issue patents with new numbers.  *Id.*  The Supplemental Complaint asserts that despite having notice of these facts, Elantec/Intersil has continued to mark its products with the surrendered patent numbers.  *Id.*  The Supplemental Complaint alleges that "such spurious marking constitutes illegal false marking."  *Id.*  Based thereon, the Supplemental Complaint includes further claims for unfair competition under Business and Professions Code §17200 and common law.  Elantec/Intersil filed the notice of removal within 30 days of being served with the Supplemental Complaint.[3]

III. DISCUSSION

Plaintiffs' motion to remand insists that the plain face of the Supplemental Complaint reveals that it invokes *only* California Business and Professions Code §17200, "no more, no less." As defendants point out, however, the inquiry does not end at the face of the complaint.  Rather, a complaint will be found to "arise under" federal patent law and be properly removable to federal court when:

> [A] well-pleaded complaint establishes either that [(1)] federal patent law creates the cause of action or [(2)] that the plaintiff's right to relief necessarily depends on

---

[2]  The answer did not expressly refer to the "False Marking" provisions of 35 U.S.C.¶ 292(a), and instead cited 35 U.S.C. § 287, which precludes recovering damages for patent infringement except where an article is marked as patented or the infringer is otherwise on notice of the patent.

[3]  While plaintiffs deny that the Supplemental Complaint gives rise to federal jurisdiction, they also contend that any argument for federal jurisdiction was equally strong at the time the Second Amended Complaint was filed, and that defendants' removal was therefore untimely.  Particularly in light of defendants' affirmative defense asserting exclusive federal jurisdiction, this argument has substantial merit.  Given the conclusion that there is no basis for federal jurisdiction even under the Supplemental Complaint, however, the point is moot.

resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-809 (1988).  Importantly, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)).  As the *Christianson* court observed, "'merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law."  486 U.S. at 809 n.3 (citation omitted).  Plaintiffs fail to appreciate fully that the "well-pleaded complaint" rule does not look to what has *actually* been pleaded in the complaint, but to what *should* have been pleaded to state the claim completely.

Nevertheless, plaintiffs' insistence here that they have not relied, and will not rely, on any aspect of federal patent law to support their state law claims is sufficient to defeat federal jurisdiction.  Under California law, a party may state and prove a claim for unfair competition by establishing the existence of "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code §17200; see *In re Tobacco II Case*, 46 Cal.4th 298, 312 (2009) ("[U]nder the statute there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." (citation omitted)).  Certainly plaintiffs *could* have chosen to make the allegation that defendants' conduct violated 35 U.S.C.¶ 292(a), or some other federal law.  Making and proving such an allegation likely would satisfy the element of a claim brought under section 17200 that there be some "*unlawful*, unfair or fraudulent business act or practice."

Plaintiffs are free, however, to disavow any rights they might otherwise claim under federal law, and attempt to show that the conduct is unfair or fraudulent under *state* law."[4]  Defendants' removal to this Court, and their opposition to this motion, is premised on their presumption that plaintiffs can *only* establish that the conduct alleged is unlawful, unfair, or fraudulent if they ultimately prove that it violates 35 U.S.C.¶ 292(a).  Whether or not plaintiff might be able to show

---

[4] Theoretically, plaintiffs could even show that the conduct violated some specific state law other than §17200, although it appears unlikely any such law exists, particularly given the broad scope of federal jurisdiction over matters involving patents.

4

that the alleged conduct violates that section, however, plaintiffs may elect to attempt to prove that it otherwise constitutes wrongful conduct sufficient to support a claim under state law.[5]

Defendants contend that courts have "uniformly held that determining liability for making products with expired patent numbers requires application of false marking precedent under Section 292, citing *Pequinot v. Solo Cup Co.*, 540 F. Supp. 2d 649 (E.D. Va. 2008) and *DP Wagner Mfg. Inc. v. Pro Patch Systems, Inc.*, 434 F.Supp.2d 445 (S.D.Tex. 2006). In both those cases there was no dispute that the plaintiffs were seeking to impose liability under section 292. Thus, the conclusion reached by those courts that it may violate section 292 to mark products with expired patent numbers does not even address, much less resolve, the question of whether a plaintiff can pursue a state unfair competition claim absent reliance on section 292.

The two cases cited by defendants that *do* address the question of when resolution of a state law claim *requires* application of federal law both involved circumstances not present here. In *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F. 3d 1318 (Fed. Cir. 1998), the plaintiff pleaded a state law claim for "injurious falsehood" arising from defendant's claims that certain articles were the subject of valid and enforceable patents. Not surprisingly, the *Hunter Douglas* court concluded there was federal question jurisdiction because "a required element of the state law cause of action—a falsity—necessarily depends on a question of federal patent law, in that either certain claims of the [defendant's] patents are invalid or all of the claims are unenforceable." 153 F. 3d at 1329.[6]

Similarly, in *Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc*., 986 F.2d 476 (Fed. Cir. 1993), the plaintiff's state law business disparagement claim was based on its

---

[5] Defendants do not argue that the Patent Act has a preemptive effect such that a state law unfair competition claim cannot go forward on these facts, nor would that appear to be the case.

[6] Defendants incorrectly assert that the *Hunter Douglas* court therefore concluded the action had properly been *removed* to federal court on that basis. Actually, the case was originally filed in federal court, but the only claim that purported to be based on federal law had been found not to give rise to jurisdiction, making it necessary to examine the other claims for a basis to exercise jurisdiction. 153 F. 3d at 1328.

contention that it had falsely been accused of patent infringement; to prove that claim, the plaintiff would have to show that its product did *not* infringe the patent. Here, in contrast, nothing in plaintiffs' claim *requires* them to prove anything under patent law.

Plaintiffs' choice to forego reliance on section 292, of course, will be binding. Having now obtained a remand based on denying the applicability of any federal law, plaintiffs will be precluded from arguing in state court that defendants' conduct is unfair, fraudulent, or illegal by virtue of section 292 or any other federal law. Furthermore, nothing in this order should be seen as prejudging the question of whether plaintiffs will be able to demonstrate that the alleged conduct in fact violates state law; that is a question for the state court to decide.

Finally, plaintiffs' request to recover the attorney fees they incurred in connection with the removal is denied. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although the Court has concluded that there is no basis for federal jurisdiction in light of plaintiffs' clear post-removal disavowal of any reliance on federal law, it was not objectively unreasonable for defendants to believe the Supplemental Complaint gave rise to a right to remove.

## IV. CONCLUSION

For the reasons set forth above, this action is hereby remanded to Santa Clara Superior Court.

IT IS SO ORDERED.

Dated: 12/18/09

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE